**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ROBERTO O. RIOS VARGAS a/k/a<br>ROBERTO OSCAR RIOS VARGAS,<br><br>       Debtor. | CASE NO. 23-03125 MAG13<br><br>Chapter 13<br><br><br>FILED & ENTERED ON 8/27/2024 |

**OPINION AND ORDER**

Planet Home Lending, LLC ("Planet Home") as servicer for Estrella Homes III, LLC ("Estrella Homes") moves the court to reconsider the order entered on May 8, 2024 granting an objection filed by debtor Roberto O. Rios Vargas ("Debtor") to Planet Home's proof of claim and disallowing the same. For the reasons stated below, the motion for reconsideration is granted and the order disallowing Planet Home's proof of claim is set aside. Hence, Planet Home's amended proof of claim 4-2 is allowed.

**I.       JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II.       BACKGROUND**

On February 2, 2023, Luna Residential III, LLC ("Luna Residential") obtained judgment against the estate of non-debtor Manuel Angel Jimenez Garcia in civil case number MZ2022CV00124 before the Mayaguez Superior Court for collection of monies and foreclosure

1

of a mortgage. (Dkt. # 21-1, Judgment issued by the state court dated February 2, 2023.) As described in the judgment, the mortgage in favor of Luna Residential encumbers a property located in Urb. El Retiro # 8 Barrio Boqueron Cabo Rojo, Puerto Rico (the "Boqueron Property"). (Id.) The judgment in favor of Luna Residential and against the estate of non-debtor Manuel Angel Jimenez Garcia ordered the payment of $95,062.89, interest accrued from August 1, 2019 at the rate of 6.5%, $14,800 for attorneys' fees, plus other charges and fees stipulated in the mortgage deed. (Id.)

On March 1, 2023, Debtor purchased the Boqueron Property through Deed of Sale Number 2 executed before notary public Carmen Ana Lopez Guzman. (Claims Register # 4-1, pp. 45-46, Title Search Report dated October 26, 2023.) Deed Number 2 was presented for recordation in the Puerto Rico Property Registry on March 3, 2023. (Id.)

On May 18, 2023, Luna Residential filed a motion for substitution of party before the Mayaguez Superior Court informing that the subject mortgage note had been transferred to creditor Estrella Homes. (Dkt. # 21-2, Motion for substitution of party filed in state court.)

On September 9, 2023, Debtor filed before the Mayaguez Superior Court an urgent request for stay of auction and for relief from judgment claiming to be the owner of the Boqueron Property and requesting to be included in the state court case as an indispensable party. (Dkt. # 21-3, Urgent request for stay of auction and for relief from judgment filed in state court.)

On September 29, 2023, Debtor filed his voluntary petition under chapter 13 of the Bankruptcy Code. (Dkt. No. # 1.) The bar date for entities to file a proof of claim was set for December 8, 2023. (Dkt. # 6.)

2

Debtor listed Estrella Homes as a secured creditor in schedule D with a claim of $109,862.29 secured by the Boqueron Property. (Dkt. # 11, p. 11.) Debtor also claimed the Puerto Rico Homestead Exemption over the Boqueron Property in schedule C. (Dkt. # 11, p. 9.)

On December 4, 2023, Planet Home filed secured claim number 4 in the amount of $134,108.89, with pre-petition arrears of $59,178.45. (Claims Register # 4-1.) In part 1, question 1, the claim identifies the creditor as Planet Home servicer for Espacio Residential, LLC ("Espacio Residential"). However, the attachments to claim 4 include an annual escrow account disclosure statement identifying the borrower as Manuel Jimenez Garcia, a mortgage proof of claim attachment indicating the debtor is Roberto O. Rios Vargas and the creditor Luna Residential, and the mortgage notes and title study of the Boqueron Property which includes the demand notice of collection and foreclosure action brought by Luna Residential against Manuel Angel Jimenez Garcia.

On December 21, 2023, Debtor filed an objection to claim 4. (Dkt. # 17.) In his objection to claim, Debtor raised that the owner of the mortgage note could not be determined. He asserted that Planet Home had filed the claim on behalf of Espacio Residential, but it appeared from the claim that the creditor was Luna Residential. And Debtor added that Estrella Homes had claimed to be the holder of the note in the state court case before the Mayaguez Superior Court. Debtor also argued that under Articles 1212 and 1220 of the 2020 Puerto Rico Civil Code, P.R. Laws. Ann. tit. 31, §§ 9573 & 9581, he was entitled to pay the transferee only the amount involved in the transfer of the mortgage note in question. Moreover, Debtor requested the court to impose a $4,000 penalty against Planet Home under "15 U.S.C. §§ 1641(g)(9)(1) & 1640(a)" for violating "its obligation to modify [sic] the sale to the debtor." As such, Debtor requested that Planet Home's claim be disallowed. In the alternative, Debtor prayed that the court only allow the claim

3

in the amount paid by the transferee for the mortgage note and/or that a penalty of $4,000 be imposed against Planet Home.

On January 19, 2024, Planet Home opposed Debtor's objection to its claim. (Dkt. # 21.) Planet Home argued that Debtor has no enforceable right to extinguish Planet Home's claim as the claim was transferred by the endorsement of a negotiable instrument, in good faith, for value received, before its maturity date. Planet Home also pointed out that Debtor may not modify the rights of a holder of a secured claim that is secured only by a security interest in real property that is Debtor's principal residence, pursuant to 11 U.S.C. § 1322(b)(2).

On February 21, 2024, Debtor replied to Planet Home's opposition. (Dkt. # 33). Again, Debtor reiterated that there was no evidence in the record that Espacio Residential was the owner of the claim. Debtor also insisted that under Articles 1212 and 1220 of the 2020 Puerto Rico Civil Code, P.R. Laws. Ann. tit. 31, §§ 9573 & 9581, he timely exercised his right to pay the new buyer of the mortgage note the amount paid for the note, which commenced thirty days from the date a demand for payment was made by Planet Home when it filed proof of claim number 4 on December 4, 2023. Also on February 21, 2024, Debtor filed an amended plan that provides for full payment of $109,862.29 to secured creditor Estrella Homes. (Dkt. # 34.)

On February 28, 2024, this court entered an Order directing Planet Home to address the reply filed by Debtor at Docket #33. (Dkt. # 36.) And on March 25, 2024, Planet Home filed a motion in compliance with order. (Dkt. # 52.) Planet Home admitted that the owner of the claim is Estrella Homes and that claim number 4-1 was filed on behalf of Espacio Residential by mistake. Planet Home also raised that Estrella Homes does not hold a litigious credit but rather a judgment, since February 2023, prior to Debtor's execution of Deed of Sale Number 2 on March 1, 2023 whereby he purchased the Boqueron Property. Planet Home also argued that the right to

redeem a litigated credit does not apply to negotiable instruments. Planet Home filed an amended claim 4, now as servicer for Estrella Homes, amending only the creditor's name to reflect that Planet Home is servicer for Estrella Homes and not Espacio Residential. (Claims Register # 4-2.) Planet Home attached to the amended claim the supporting mortgage note endorsed to Estrella Homes. (Id.)

On April 2, 2024, Debtor filed a "Reply to Answer to Order, Objection to Amended Claim 4-1 and for Imposition of Sanctions." (Dkt. # 57.) Debtor argued that Espacio Residential and Estrella Homes are two different entities and that Planet Home, by changing the creditor's name, had filed a new claim after the bar date to do so. Debtor also requested the cancellation of the mortgage lien in favor of Estrella Homes and the imposition of $5,000 in attorney's fees against Planet Home. Although Debtor's reply included an objection to Planet Home's amended claim, the same was not docketed in the Claims Register as an objection to claim.

On April 2, 2024, Planet Home filed a "Motion to inform" in which it explained why claim 4 erroneously indicated that Espacio Residential was the creditor and not Estrella Homes. (Dkt. # 58.) Planet Home states that the mistake when uncovered, was quickly corrected with an amended claim and that because claim 4 is secured, "the ownership of the loan does not have an effect on the substantive rights of the parties and the administration of the case." Id. at p 2.

On April 3, 2024, the court held a hearing on confirmation where it continued sine die the confirmation until resolution of two objections to claims filed by Debtor, including the objection to the claim filed by Planet Home as servicer for Estrella Homes. (Dkt. # 63.) At the confirmation hearing, the court asked Debtor if he was prosecuting the original objection to claim number 4 at Dkt. # 17 considering the filing of the objection to amended claim number 4. Debtor stated that he is not withdrawing his initial objection because it raised the litigious credit

5

argument and that he would determine how to proceed depending on the court's ruling of the subsequent objection to claim. Planet Home did not appear at the April 3, 2024 hearing on confirmation.

On May 8, 2024, upon Planet Home's failure to respond to Debtor's reply and objection to claim 4 (Dkt. # 57), this court entered the following order:

> The "Reply to answer to order, objection to amended claim 4-1, and impositions of sanctions" filed by the Debtor at Dkt. #57 is partially granted as unopposed as to its request to disallow claim number 4 filed by Planet Home Lending, LLC as servicer for Estrella Homes III, LLC but as to its requests that this court cancels the mortgage lien in favor of Estrella Homes III, LLC and for the imposition of $5,000 in attorney's fees against Planet Home Lending LLC the same are denied for failure to state the legal basis for such remedy in compliance with PR LBR 9013-2. The debtor does not cite any legal authority nor include any affidavits or documents in support of its position.

(Dkt. # 73.)

On May 10, 2024, Planet Home filed a motion for reconsideration of the order disallowing claim 4-2 entered at Dkt. # 73. (Dkt. # 74.) Planet Home argued that the disallowance of its claim was a manifest error of due process and/or law given that Debtor's objection to claim was never properly docketed as such. Planet Home also asserted that the amendment to claim was only as to the owner of the note, but that it did not alter the claim and was not an attempt to assert a distinctly new right to payment.

On May 21, 2024, Debtor opposed Planet Home's request for reconsideration. (Dkt. # 76.) In his opposition, Debtor stated that Planet Home's amendment to the claim to include a different entity as the holder of the note, made it a new claim filed after the bar date. Debtor also pointed out that Planet Home failed to appear at the confirmation hearing and thus failed to hear the arguments made by Debtor at that time which included his objection to Planet Home's amended claim.

On May 31, 2024, Planet Home filed an objection to the confirmation of Debtor's proposed plan at Dkt. # 34. (Dkt. # 77.) Planet Home raised that Debtor understated the indebtedness to Estrella Homes because he owes $134,108.89 and not $109,862.29. Planet Home also stated that Debtor failed to account for interest owed to Estrella Homes which post-petition continues to accrue at 6.50% per annum until payment in full of the claim.

On June 5, 2024, Debtor filed a reply to the objection stating that Planet Home lacks standing to file objections to confirmation because its claim was disallowed. (Dkt. # 78.)

On June 10, 2024, Planet Home responded to Debtor's answer reiterating that Debtor's plan is unconfirmable. (Dkt. # 79.)

### III. RECONSIDERATION STANDARD UNDER FED. R. BANKR. P. 9023

A motion for reconsideration under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, allows the court to alter or amend a judgment. Under Fed. R. Civ. P. 59, "relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). See also Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012) (Under Fed. R. Civ. P. 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact.").

"It is well settled in the First Circuit that to meet the threshold requirements of [Fed. R. Civ. P.] 59(e), the motion 'must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision.'" In re Nieves Guzmán, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017)

7

(quoting <u>In re Arroyo</u>, 544 B.R. 751, 756-57 (Bankr. D.P.R. 2015)). Fed. R. Civ. P. 59(e) motions are to be "aimed at reconsideration, not initial consideration." <u>Perrier-Bilbo v. United States</u>, 954 F.3d 413, 435 (1st Cir. 2020) (quoting <u>Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A.</u>, 897 F.2d 611, 616 (1st Cir. 1990)). Fed. R. Civ. P. 59(e) motions do "not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." <u>Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 15–16 (1st Cir. 2006) (quoting <u>Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25</u>, 426 F.3d 416, 422 (1st Cir.2005)).

## IV. APPLICABLE LAW AND DISCUSSION

In its motion for reconsideration, Planet Home argues that the court erred in granting Debtor's objection to claim because: (i) Planet Home filed a timely claim and has defended its allowance; (ii) Debtor did not file a proper objection to claim; and (iii) Debtor was fairly alerted of the debt by the original proof of claim and the amendment is not a veiled attempt to assert a distinctly new right to payment. (Dkt. # 74.) Debtor opposes arguing that evidently Dkt. #57 was an objection to the proof of claim due to the inclusion of a different entity as claimant and that Planet Home cannot claim lack of due process when it failed to appear at the confirmation hearing. (Dkt. # 76.) The court agrees with Planet Home for the reasons explained below.

"The Code and Bankruptcy Rules govern the requirements for the filing and allowance of proofs of claim." <u>Municipality of Carolina v. Gonzalez (In re Gonzalez)</u>, 490 B.R. 642, 647 (B.A.P. 1st Cir. 2013). Fed. R. Bankr. P. 3002(a) requires the filing of a proof of claim by secured creditors, unsecured creditors or equity security holders for the claim or interest to be allowed. Fed. R. Bankr. P. 3002(a) also provides that "[a] lien that secures a claim against the

debtor is not void due only to the failure of any entity to file a proof of claim." But, "to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." In re Ruiz Martinez, 513 B.R. 779, 783 (Bankr. D.P.R. 2014) (quoting In re Baldridge, 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999)). A "secured mortgage holder files a proof of claim when it wants to participate in the distribution of the plan payments." In re Jimenez Galindez, 514 B.R. 79, 91 (Bankr. D.P.R. 2014).

Under Fed. R. Bankr. P. 3002(c), a nongovernmental proof of claim filed in a Chapter 13 case is timely "if it is filed not later than 70 days after the order for relief." In this case, the bar date to file nongovernmental proofs of claim was set for December 8, 2023. Planet Home timely filed proof of claim number 4-1 on December 4, 2023 as servicer for Espacio Residential and then filed amended proof of claim number 4-2 on March 25, 2024 as servicer for Estrella Homes. Thus, the court is tasked with deciding whether substituting claimant Espacio Residential for Estrella Homes can constitute an amendment to the original claim or must be considered a new claim.

"[N]either the Bankruptcy Code nor the Bankruptcy Rules directly address amendment of a proof of claim". In re Ruiz Martinez, 513 B.R. at 784 (quoting In re Enron Creditors Recovery Corp., 370 B.R. 90, 95 (Bankr. S.D.N.Y. 2007)). But, "[i]t is well established in the First Circuit that amendments to proofs of claim are freely allowed." Belser v. Nationstar Mortg., LLC (In re Belser), 534 B.R. 228, 243 (B.A.P. 1st Cir. 2015). "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." Id. (quoting Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.), 954 F. 2d 1, 10 (1st Cir. 1992) cert. denied, 510 U.S. 914 (1993)). "[P]ost-bar date amendments should not be allowed if

it is in actuality a new claim against the estate." In re Callery, 274 B.R. 51, 56 (Bankr. D. Mass. 2002). "The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sound discretion of the bankruptcy court." In re Ruiz Martinez, 513 B.R. at 784 (quoting Gens v. Resolution Trust Corp. (In re Gens), 112 F.3d 569, 575 (1st Cir. 1997)).

"[A]llowance of an amended proof of claim is an equitable determination often approached using a two-part test— (1) was a timely similar claim asserted against the bankruptcy estate by a prior formal proof of claim or informal proof of claim; and (2) is it equitable to permit the amendment." Keith M. Lundin, Lundin on Chapter 13, § 133.4, at ¶ [4], LundinOnChapter13.com (last visited August 27, 2024). The proposed amendment cannot "be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim." In re Hemingway Transp., 954 F.2d at 10. Moreover, "the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate" and "must not be the product of bad faith or dilatory tactics on the part of the claimant." Id. To "fairly alert" the debtor's estate, a claim only needs to "provide[] adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable." In re Gens, 112 F.3d at 575 (quoting Unioil, Inc. v. H.E. Elledge (In re Unioil, Inc.), 962 F.2d 988, 992 (10th Cir. 1992)).

For example, in In re Gens, the First Circuit Court of Appeals affirmed the district court's decision to affirm the bankruptcy court in allowing the amendment of a proof of claim which incorrectly stated that the servicing agent was the claim holder without disclosing that it was in fact acting as the agent for the owner of the claim. In re Gens, 112 F.3d at 575. The First Circuit Court held that "a simple substitution of the real party in interest . . . for a related party mistakenly listed in the original POC . . . represents a proper ground for amendment." Id. See

10

also, In re Unioil, 962 F.2d at 992 (holding that "where there is a substitution as party plaintiff or claimant of one having the legal right to sue instead of one improperly named as plaintiff or claimant and the party substituted bears some relation of interest to the original party, there is no change in the cause of action and the substitution relates back to the . . . filing of the claim.").

This court is bound to reconsider its order granting Debtor's objection as unopposed and rule that Planet Home's amended claim is not a new claim in light of the First Circuit decision in the case of In re Gens,112 F.3d 569. The fact that Planet Home amended the claim to substitute the identity of the claimant does not assert a new right to payment. The only changes from proof of claim 4-1 to proof of claim 4-2 are the substitution of Espacio Residential for Estrella Homes in Part 1 of the claim form, both identifying the servicer as Planet Home, and the attachment of the endorsement from Luna Residential to Estrella Homes. As such, with the filing of the timely original proof of claim 4-1 Debtor had been provided adequate notice of the existence of the claim, its nature, the amount of the claim, and Planet Home's intent, as servicing agent, to hold Debtor's estate liable. See, In re Unioil, Inc., 962 F.2d at 992.

Moreover, the record shows that Debtor was aware pre-petition of the existence of the debt as reflected in the chapter 13 plan and the schedules both of which included secured creditor Estrella Homes, and that Estrella Homes was the real claimant in claim 4, as reflected in the attachments to the claim which refer to the Boqueron Property and the debt to Luna Residential, transferor of the claim to Estrella Homes as seen in the state court foreclosure action. Debtor's proposition that he did not know the real identity of the claimant is disingenuous at best. It is evident that proof of claim 4-1 relates to the secured claim subject to the foreclosure action in state court brought by Luna Residential as predecessor to Estrella Homes which later substituted Luna Residential as plaintiff. Debtor seeks to make use of the misrepresentation of the identity of

11

the creditor in the original proof of claim to have it disallowed, when in fact, such misstatement

has no effect on the administration of the case, the Debtor, or the other creditors.

The court also agrees with Planet Home that it has been defending the allowance of its

claim ever since Debtor objected to the same. It is true that by not attending the confirmation

hearing, Planet Home did not learn that Debtor had objected its amended claim. But it is also true

that the objection to claim filed by Debtor at Dkt. #57 was filed as a reply and was never

docketed as an objection in the claims register. Thus, mistakes were made by both Planet Home

and Debtor. Ultimately, the court is of the opinion that replacing one owner of the mortgage note

for another, with the servicer being the same in both claims, is not the product of bad faith or

dilatory tactics on the part of the claimant, Planet Home and as stated, does not affect the

administration of the case. Chapter 13 trustees distribute in accordance with allowed claims.  The

lien will not be erased if the claim is disallowed and if no distribution is made to the secured

creditor, the creditor may seek to foreclose on the property. It is for this reason that often in

chapter 13 cases when the secured creditor does not file a claim, the debtor will file it on its

behalf for the curing of the arrears through the plan enabling the retention of the real property.

The court is befuddled with Debtor's request because disallowing the claim will act against his

best interests.

Therefore, the court reconsiders its order dated May 8, 2024 at Dkt. # 73 granting as

unopposed Debtor's objection to claim at Dkt. # 57 and disallowing Planet Home's proof of

claim 4-2.  Pending is Debtor's first objection to Planet Home's claim at Dkt. # 17 and Planet

Home's opposition at Dkt. # 21, which the court will now address.

Debtor argues that he has the right to redeem Estrella Homes the amount said creditor

paid Luna Residential for the transfer of the mortgage note pursuant to Articles 1212 and 1220 of

12

the 2020 Puerto Rico Civil Code. P.R. Laws. Ann. tit. 31, §§ 9573, 9581. Planet Home opposes arguing that the right to redeem a litigated credit does not apply in this case because its claim was transferred by the endorsement of a negotiable instrument, in good faith, for value received, before its maturity date. Moreover, Planet Home asserts that Debtor is not entitled to any redemption rights since Estrella Homes does not hold a litigious credit. The court again agrees with Planet Home.

The redemption of a litigious credit allows a debtor to extinguish an obligation by paying the price that the credit assignee paid for the same. See, DLJ Mortgage Capital, Inc. v. Santiago Martínez, 202 P.R. Dec. 950, 958-59 (2019). "Under Puerto Rico law, a debtor may redeem credit assigned during the pendency of a case if certain requirements are met. This civil law doctrine, unknow[n] in the United States (except for Louisiana), is codified at Article 1220 of the 2020 Civil Code." Inst. Medico Del Norte, Inc. v. Greengift Cap., LLC, 2024 U.S. Dist. LEXIS 21884, at *7 (D.P.R. 2024).

Article 1220 of the 2020 Puerto Rico Civil Code provides that when a litigated credit is sold, the debtor shall have the right to extinguish it by reimbursing the assignee the price the latter paid, plus any judicial costs incurred by him, and the interest on the price from the day on which the same was paid. P.R. Laws. Ann. tit. 31, § 9581 (translation ours). A debtor may exercise such right within 30 days from the day the assignee demands payment. Id. Prior to the enactment of the Puerto Rico 2020 Civil Code, Article 1425 of the 1930 Civil Code of Puerto Rico provided the same except that a debtor only had 9 days to exercise his litigious credit right. P.R. Laws. Ann. tit. 31, § 3950. However, Article 1212 of the Puerto Rico Civil Code limits the applicability of Article 1425 by providing that a debtor's redemption right is not applicable to the cession of a negotiable instrument transferred in good faith and for value received before

13

maturity. P.R. Laws. Ann. tit. 31, § 9573 (translation ours). Article 1212 is the equivalent of Article 1417a of the 1930 Puerto Rico Civil Code. P.R. Laws. Ann. tit. 31, §3942a. Thus, the Civil Code excludes the applicability of redemption rights to the transfers of negotiable instruments.

The Puerto Rico Commercial Transactions Act provides that a negotiable instrument is "an unconditional promise to pay a fixed amount of money" with interest or other charges that "is payable to bearer or to order at the time it is issued or first comes into possession of a holder," "payable on demand," and "does not state other undertaking or instruction by the person promising or ordering payment." P.R. Laws. Ann. tit. 19, §504. In this case, there is no dispute that the mortgage note held by Estrella Homes is a negotiable instrument. (Claims Register # 4-2.) And, when a mortgage note meets the requirements of the definition of a negotiable instrument, as it does in this case, its transfer is governed by the Commercial Transactions Act.

In fact, in DLJ Mortgage Capital, Inc., the Puerto Rico Supreme Court held that the right to redeem the litigated credit does not apply to negotiable instruments taking in conjunction the provisions of the Puerto Rico Civil Code, the Puerto Rico Mortgage Act, and the Puerto Rico Commercial Transactions. 202 P.R. Dec. 950. See also, In re Allied Fin., Inc. v. WM Capital Partners 53, LLC, 616 B.R. 1, 9 (Bankr. D.P.R. 2020) ("The promissory note and the mortgage notes are negotiable instruments in nature, and this allows them to be negotiated and its transfer is protected under Chapter 9 of the Commercial Transactions Act. Thus, the Civil Code does not apply, and [the debtor] is precluded from exercising its right to redeem the litigated credit.") As such, Debtor's objection to claim is denied on the grounds that the mortgage note transferred from Luna Residential to Estrella Homes is a negotiable instrument.

14

Debtor argues that DLJ Mortgage was reversed by legislative action via the Puerto Rico Civil Code of 2020 "which reinstated the right of a litigious credit in relation with mortgage foreclosure." (Dkt. # 33, ⁋ 13.). However, he failed to provide case law or a binding legal authority to support his argument. Instead, Debtor only submitted as an exhibit a legal column in the Spanish language, which also fails to include binding legal authority in support of the proposition that the Puerto Rico Civil Code of 2020 reinstated litigious credit rights in mortgage foreclosures. (Dkt. # 33-2.)

The court also finds that even if redemption rights were applicable under the Puerto Rico Civil Code, Luna Residential transferred the mortgage note to Estrella Homes after a final judgment had been entered by the state court on February 2, 2023. "For a credit to be considered litigious it is essential that the litigation pending at the time of sale or assignment of credit concern the existence of the credit itself and not merely the consequences of its existence once final judgment is rendered." Inst. Medico Del Norte, Inc., 2024 U.S. Dist. LEXIS 21884, *7 (quoting Consejo de Titulares v. C.R.U.V., 132 P.R. Dec. 707, 726 (1993)). As such, there is no litigious credit for Debtor to redeem.

Debtor has requested that the court impose a $4,000 penalty under 15 U.S.C. §§ 1640(a) & 1641(g)(1) upon Planet Home as "an assignee who violates its obligation to modify [sic] the sale to the debtor." However, Debtor has failed to support such request stating the basis that would warrant the imposition of said penalty. As such, the same is denied.

15

## V.    CONCLUSION

For the reasons stated below, the motion for partial reconsideration filed by Planet Home (Dkt. # 74) is granted and the order granting Debtor's objection to Planet Home's claim (Dkt. # 73) is set aside. The objections filed by Debtor (Dkt. ## 17, 57) to claim number 4 filed by Planet Home as servicer for Estrella Homes are denied. Amended claim number 4 is allowed. A hearing on confirmation of the amended plan will be held on October 9, 2024 at 1:30 p.m. via Microsoft Teams.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 27th day of August 2024.

María de los Ángeles González
United States Bankruptcy Judge